UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY,        )<br>)<br>)<br>)<br>     Plaintiff,        )<br>)<br>          v.        )<br>)<br>PETER T. MADDEN et al.,        )<br>)<br>     Defendants.        ) | No. 2:23-cv-00104-JDL |

**ORDER DENYING MOTION TO STAY**

Plaintiff Allstate Property and Casualty Insurance Company ("Allstate") seeks a judgment (ECF No. 1), pursuant to 28 U.S.C.A. § 2201(a) (West 2023), declaring that it has no duty to defend or indemnify Defendant Peter T. Madden for claims asserted against him in a lawsuit brought by Defendants Kayla DeCristofaro and Ian Kelly in the United States District Court for the Eastern District of New York.  In the complaint filed in the New York case (ECF No. 16-1), DeCristofaro and Kelly seek damages for intentional and negligent infliction of emotional distress and violations of privacy under state and federal law.  Allstate is defending Madden in the New York case under a reservation of rights.

Defendants DeCristofaro and Kelly (the "moving Defendants") have moved to stay Allstate's Maine action (ECF No. 16) until liability has been determined in the New York case.  In support, they assert that Maine law allows an insurer to seek a declaration regarding its duties to defend and indemnify only after liability has been determined in the underlying tort action.

1

Allstate objects to the stay (ECF Nos. 17 and 17-1), arguing that the moving Defendants have mischaracterized Maine law on this issue. Specifically, Allstate asserts that this court may determine the duty to defend as a preliminary question of law by looking exclusively to the underlying complaint in the New York action, even if liability has not yet been determined. Allstate emphasizes that it is not seeking an independent determination of its duty to indemnify, explaining: "While it is true that the relief sought in Allstate's Complaint includes a declaration relieving Allstate from its duty to indemnify along with its duty to defend, the grant of such relief would follow only as a natural consequence contingent upon the court finding no duty to defend exists." ECF No. 17-1 at 4.

DeCristofaro and Kelly acknowledge in their Reply (ECF No. 19) that the duty to defend under Maine law "is triggered if 'any cause of action alleged in [a] complaint could fall within the policy's liability coverage.'" ECF No. 19 at 2 (quoting *Mitchell v. Allstate Ins. Co.*, 2011 ME 133, ¶ 21, 36 A.3d 876). They argue, however, that Allstate's duty to defend depends on factual determinations outside the pleadings because, "at a minimum, the negligence count sets forth a theory of liability that needs to be tested against the exclusions in the policy as informed by factual questions about Mr. Madden's conduct and intent." ECF No. 19 at 3. The moving Defendants argue further that they will be prejudiced without a stay because they will be compelled to litigate in this court while simultaneously litigating the New York lawsuit.

A court has broad discretion to stay proceedings, incident to its "inherent power to 'control the disposition of the causes on its docket with economy of time and effort

for itself, for counsel, and for litigants.'" *City of Bangor v. Citizens Commc'ns Co.*, 532 F.3d 70, 99 (1st Cir. 2008) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see also Microfinancial, Inc. v. Premier Holidays Int'l, Inc.*, 385 F.3d 72, 77 (1st Cir. 2004) ("It is apodictic that federal courts possess the inherent power to stay proceedings for prudential reasons."). For reasons I will explain, I conclude that a stay is not warranted at this juncture.

To determine whether an insurer has a duty to defend an insured under Maine law, courts "compare the allegations of the underlying complaint with the coverage provided in the insurance policy." *Mitchell*, 2011 ME 133, ¶ 9, 36 A.3d 876; *see also Cox v. Commonwealth Land Title Ins. Co.*, 2013 ME 8, ¶ 9, 59 A.3d 1280 ("Regardless of extrinsic evidence, if the complaint—read in conjunction with the policy—reveals a mere *potential* that the facts may come within the coverage, then the duty to defend exists."). In contrast, an insurer's duty to indemnify is narrower and may depend on the particular facts or theory of liability proven in the underlying tort action. *See Penney v. Capitol City Transfer, Inc.*, 1998 ME 44, ¶ 5, 707 A.2d 387; *State Farm Mut. Auto. Ins. Co. v. Koshy*, 2010 ME 44, ¶ 62, 995 A.2d 651.

The result Allstate seeks in this action—a declaration that it has no duty to defend and, consequently, no duty to indemnify—is in keeping with Maine precedent, which recognizes that the "group of actions for which there is a duty to indemnify is merely a subset of the larger sphere of actions for which there is a duty to defend." *N. Sec. Ins. Co. v. Dolley*, 669 A.2d 1320, 1322 (Me. 1996). The moving Defendants' argument to the contrary runs counter to settled Maine law, and their reliance on

caselaw that addresses the duty to indemnify considered in isolation from the duty to defend, *see, e.g.*, *Koshy*, 2010 ME 44, ¶ 62, 995 A.2d. 651, is inapposite.

DeCristofaro and Kelly are correct that further proceedings in this court may result in a finding that Allstate has a duty to defend, even if Allstate does not ultimately have a duty to indemnify. *See Vigna v. Allstate Ins. Co.*, 686 A.2d 598, 601 (Me. 1996) (noting that, even if a claim is ultimately dismissed, an insurer may have a duty to defend against it). However, their argument that Allstate's duty to defend depends on the underlying factual determinations related to their negligence allegations misconstrues controlling Maine authority on this issue. In comparing the underlying complaint with the insurance policy, the court must consider all allegations in the complaint in the New York case and whether Allstate could ultimately be obligated to indemnify Madden under any theory of liability asserted therein. *See Baywood Corp. v. Maine Bonding & Cas. Co.*, 628 A.2d 1029, 1030 (Me. 1993) (explaining that a duty to defend is a question of law and that an "insured is entitled to a defense [by the insurer] 'if there exists any legal or factual basis which could be developed at trial that would obligate the insurers to pay under the policy.'" (quoting *L. Ray Packing Co. v. Com. Union Ins. Co.*, 469 A.2d 832, 833 (Me. 1983))). Contrary to the moving Defendants' argument, this does not require resolution of the disputed facts underpinning their theory of negligence as to Madden's liability.

Allstate's duty to defend presents a question of law that does not require the court to resolve any factual disputes connected to the claims asserted against it in the New York case. Accordingly, it is unnecessary to stay this action while the New York case is litigated.

The Motion to Stay (ECF No. 16) is **DENIED**.

**SO ORDERED.**

**Dated: October 5, 2023**

                                                  **/s/ JON D. LEVY**
                                   **CHIEF U.S. DISTRICT JUDGE**